

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ENCOMPASS OFFICE SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:10-CV-96 |
| | § | |
| INGENIX, INC., UNITEDHEALTH GROUP, INC., UNITED HEALTHCARE SERVICES, INC., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR ADDITIONAL EXTENSION OF TIME TO RESPOND TO DEFENDANTS' MOTION TO DISMISS COMPLAINT

The following are pending before the court:

1. Emergency motion of Encompass Office Solutions, Inc. for additional extension of time to respond to Defendants' motion to dismiss complaint (docket entry #21);

2. United's response to emergency motion of Encompass Office Solutions, Inc. for additional time to respond to Defendants' motion to dismiss complaint (docket entry #24);

3. Reply in support of emergency motion of Encompass Office Solutions, Inc. for additional extension of time to respond to Defendants' motion to dismiss complaint (docket entry #25); and

4. United's sur-reply in opposition to emergency motion of Encompass Office Solutions, Inc. for additional extension of time to respond to Defendants' motion to dismiss complaint (docket entry #26).

Having considered the Plaintiff's emergency motion and the responsive briefing thereto, the court finds that the motion should be denied.

On March 5, 2010, the Plaintiff filed its original complaint and request for declaratory

judgment. On March 9, 2010, the Plaintiff filed its first amended complaint and request for declaratory judgment. Thereafter, on May 3, 2010, the Defendants filed a motion to dismiss the Plaintiff's first amended complaint pursuant to Rules 12(b)(1) (lack of subject-matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted). The Defendants attached to their motion to dismiss a declaration from Melissa Fliger. In her declaration, Ms. Fliger indicates that the majority of the Plaintiff's claims may be preempted by ERISA.

The Plaintiff is now seeking an extension of time to file its response to the Defendants' motion to dismiss so that it can depose Ms. Fliger. The Plaintiff contends that it needs to depose Ms. Fliger on the following two limited issues: (1) the plan and policies that the Defendants contend are governed by ERISA; and (2) the patient claims for which the Defendants seek reimbursement.

In response, the Defendants argue that discovery is not appropriate. To the extent the Plaintiff seeks discovery concerning the Defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss, the court finds that discovery is not warranted. To survive the Defendants' FED. R. CIV. P. 12(b)(6) motion to dismiss, the Plaintiff's first amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), quoting *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Since the court is not permitted to go outside the complaint in deciding whether to grant a FED. R. CIV. P. 12(b)(6) motion to dismiss and since the court must accept the Plaintiff's well-pleaded facts as true, the Plaintiff need not depose Ms. Fliger in order to respond to the Defendants' currently broad contention that the plans and policies at issue may be governed by ERISA. If the Defendants subsequently assert with specificity which plans and policies are governed by ERISA, the court will entertain a dispositive

motion that is supported by appropriate evidence.

However, with respect to the Defendants' FED. R. CIV. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, limited discovery is permissible. "When a party challenges subject matter jurisdiction, the court is given the authority to resolve factual disputes, along with the discretion to devise a method for making a determination with regard to the jurisdictional issue." *Moran v. Kingdom of Saudia Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (citations omitted). "The court's authority to consider evidence presented beyond the pleadings allows it to devise a procedure which may include considering affidavits, allowing further discovery, hearing oral testimony, [or] conducting an evidentiary hearing." *Id*. (citation omitted). "If the court chooses to allow additional discovery, it should be limited to only that which is necessary to determine the preliminary jurisdictional issue." *Id*. (citation omitted).

According to the Plaintiff's first amended complaint, the Plaintiff sued the Defendants for reimbursement via patients' assignments of benefits under the theories of breach of contract or quantum meruit. The Plaintiff also sued the Defendants under the Declaratory Judgment Act seeking a declaration that it is not required to reimburse the Defendants any amounts the Defendants previously paid to the Plaintiff. In their motion to dismiss, the Defendants argue that the Plaintiff lacks standing to sue, contending that the Plaintiff failed to specify in its first amended complaint which assignments form the bases of the Plaintiff's claims. In its emergency motion, the Plaintiff argues that it must depose Ms. Fliger to determine the patients' claims at issue in connection with Ms. Fliger's demand for reimbursement and to support the Plaintiff's declaratory judgment cause of action.

The court is not persuaded by the Plaintiff's argument. Attached as Exhibit 2 to the

Plaintiff's first amended complaint is a letter from Ms. Fliger. The letter provides, in pertinent part, as follows:

> After reviewing claims submitted, we believe you have been paid based on claims submitted where Encompass Office Solutions, Inc. has been misrepresented as an Ambulatory Surgical Center (ASC).
>
> A detailed description of our findings and the methods used to calculate this overpayment are outlined below, and the enclosed spreadsheet lists the details for each claim included in this assessment.
>
> _____
>
> Upon review of the paid claims history with dates of service between 6/1/06 and 6/1/09, we have found a total of 1,085 claims totaling $2,051,896.22 have been paid to Encompass Office Solutions. A listing of these claims has been included for your review.

Based on the foregoing, it appears that the Plaintiff already has in its possession the patients' claims at issue in connection with Ms. Fliger's demand for reimbursement and to support the Plaintiff's declaratory judgment cause of action. Accordingly, the court finds that it is not necessary for the Plaintiff to engage in jurisdictional discovery in order to respond to the Defendants' motion to dismiss. The Plaintiff's emergency motion for additional extension of time to respond to Defendants' motion to dismiss complaint (docket entry #21) is, therefore, **DENIED**. The Plaintiff shall file its response to the Defendants' motion to dismiss in accordance with the agreed stipulation filed on June 16, 2010 (docket entry #23).

    IT IS SO ORDERED.

    **SIGNED this the 28th day of June, 2010.**

    _Richard A. Schell_
    RICHARD A. SCHELL
    UNITED STATES DISTRICT JUDGE